IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL JAMES LONGS II,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN MCMANAMAN, AMY GOODRO, TIM S. NOERRLINGER, MARK RAPPL, KRISTEN DRAPER, JEANNE MORRAND, WEBB BANCROFT, and CHRISTOPHER EICKHOLT,<br><br>Defendants. | **4:18CV3161**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on two motions filed by the Plaintiff Michael James Longs II.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff filed a Complaint (filing no. 1) and a Motion for Leave to Proceed in Forma Pauperis ("IFP") (filing no. 2) while he was incarcerated. Prior to the court receiving and reviewing Plaintiff's inmate trust account statement in order to rule on his IFP motion, Plaintiff filed a change of address on December 7, 2018, indicating that he is no longer incarcerated. (*See* Filing No. 8.) Upon review of Plaintiff's IFP Motion, the court finds that Plaintiff is financially eligible to proceed in forma pauperis as a non-prisoner.

## II. MOTION FOR PRELIMINARY INJUNCTION AND T.R.O.

Plaintiff has filed a "Motion for T.R.O./T.R.E. Injunction" seeking "a preliminary injunction and a temporary restraining order enjoining the defendants .

. . from confining and restraining plaintiff in any way . . . subsequent to the posting of plaintiff[']s bail bond." (Filing No. 6.) Records attached to Plaintiff's motion indicate he posted a $50,000.00 bond in the Lancaster County District Court on December 3, 2018.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id*. at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

Plaintiff has not demonstrated, or even alleged, that he faces a threat of irreparable harm. Accordingly, the court will deny his request for a preliminary injunction and temporary restraining order.

IT IS THEREFORE ORDERED that:

1.     Plaintiff is granted leave to proceed in forma pauperis as a non-prisoner, and the Complaint shall be filed without payment of fees. Plaintiff is advised that the next step in his case will be for the court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business.

2.     Plaintiff's motion for a preliminary injunction and temporary restraining order (filing no. 6) is denied.

Dated this 10th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge