IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL JAMES LONGS II, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN MCMANAMAN, AMY GOODRO, TIM S. NOERRLINGER, MARK RAPPL, KRISTEN DRAPER, JEANNE MORRAND, WEBB BANCROFT, and CHRISTOPHER EICKHOLT, <br><br> Defendants. | 4:18CV3161 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on November 29, 2018, when he was incarcerated at the Lancaster County Department of Corrections. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 against Judge Kevin McManaman of the Lancaster County District Court ("Judge McManaman"); Judge McManaman's Bailiff, Kristen Draper, and Court Reporter, Jeanne Morrand; Lancaster County Attorney Amy Goodro; Lancaster County Public Defender Webb Bancroft; and attorneys Tim S. Noerrlinger, Mark Rappl, and Christopher "Spike" Eickholt, all in their individual and official capacities. Plaintiff claims actions taken by Defendants in the course of Plaintiff's state criminal proceedings in Lancaster County District Court Case No. CR17-1508 have violated his rights under the First, Fifth, Sixth, Eighth, Ninth, Tenth, and

Fourteenth Amendments to the United States Constitution, as well as various Nebraska state statutes. (Filing No. 1 at CM/ECF pp. 4–5.)

Plaintiff's state case records, available to this court online,[1] show that Plaintiff was charged in Lancaster County District Court on December 7, 2017, with one count of assault in the first degree, a Class 2 Felony, which was later amended to attempt of a class 3 or 3A felony (terroristic threats) pursuant to a plea agreement on April 3, 2019. Plaintiff entered an Alford Guilty Plea on April 3, 2019, was found guilty, and was sentenced on June 4, 2019, to two years' imprisonment and twelve months' post-release supervision.

In his Complaint, Plaintiff generally complains that Judge McManaman and his staff have acted in concert with the state to appoint counsel for Plaintiff who have all had conflicts of interest and fail to acknowledge Plaintiff's motions or provide him with requested hearings and transcripts. Plaintiff accuses the prosecutor, Goodro, of malicious prosecution and of engaging in ex parte communications with the state district court and Plaintiff's appointed counsel about the case. With respect to the attorney defendants who were appointed at various times to represent Plaintiff, Plaintiff alleges they all acted under conflicts of interest in representing Plaintiff and generally failed to act in Plaintiff's best interests.

As relief, Plaintiff seeks to be released from his "illegal, calculated confinement, award[ed] $10,000,000.00 dollars and [his] property back from whomever stole it at this jail, and $5,000.00 per day" that he has been incarcerated. (Filing No. 1 at CM/ECF p. 10.)

---

[1] This court has been afforded access to the computerized record keeping system (JUSTICE and SCCALES) for the Nebraska state courts. The court takes judicial notice of the state court records related to this case in *State v. Longs*, No. CR17-1508, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Official Capacity Claims**

*1. Sovereign Immunity*

Plaintiff sues all Defendants in both their official and individual capacities for damages and injunctive relief. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). A state's sovereign immunity extends to public officials sued in their official capacities as "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Here, Plaintiff seeks damages from Judge McManaman, his bailiff, Draper, and court reporter, Morrand, in their official capacities. As a district court judge within the Nebraska Judicial Branch, Judge McManaman is a state official, and Plaintiff's official-capacity claims are claims against the state. *See Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state). Assuming Draper and Morrand are also employees of the Nebraska Judicial

4

Branch,[2] any official-capacity claims against these Defendants would also be claims against the state. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims against Judge McManaman, Draper, and Morrand in their official capacities are dismissed.

*2. Claims against Lancaster County*

Plaintiff also sues the prosecutor involved in his state court criminal case, Amy Goodro of the Lancaster County Attorney's Office, and the public defender who represented him for a time, Webb Bancroft of the Lancaster County Public Defender's Office. Liberally construed, Plaintiff's claims against Goodro and Bancroft in their official capacities are claims against Lancaster County. *See Johnson*, 172 F.3d at 535.

In order to state a plausible claim against Lancaster County, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

---

[2] It is unclear from the Complaint's allegations whether Draper and Morrand are employed by the state or by Lancaster County. If they are county employees, Plaintiff's official-capacity claims against them would also fail as he has not alleged any facts to show that a municipal policy or custom played a part in the alleged constitutional violations as explained below.

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, with respect to Goodro and Bancroft, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County's attorneys and public defenders, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Lancaster County. In light of this, Plaintiff's claims against Goodro and Bancroft in their official capacities are dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them); *Herzog v. O'Neil*, No. 8:10CV313, 2011 WL 1398475, at *3 (D. Neb. Apr. 13, 2011) (concluding official capacity claim against public defender was actually claim against county that employed the public defender).

## B. Individual Defendants

### 1. Judge McManaman

Plaintiff's claims against Judge McManaman are barred under the doctrine of judicial immunity. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of

circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges, among other things, that Judge McManaman appointed Plaintiff with conflicted counsel, failed to acknowledge Plaintiff's motions or set hearings, and generally failed to act to protect Plaintiff's rights. Although Plaintiff alleges he acted in violation of his constitutional rights, Plaintiff alleges no facts against Judge McManaman that would fall outside the scope of a judge's duties in presiding over criminal proceedings. Accordingly, Judge McManaman is immune from suit and Plaintiff's claims against him are dismissed.

*2. Lancaster County Attorney Amy Goodro*

Like Judge McManaman, Goodro enjoys absolute immunity from Plaintiff's claims of malicious prosecution and that she "[b]ribed her only witness and asked others to lie and perjure themselves in order to gain a conviction." (Filing No. 1 at CM/ECF p. 7 (spelling corrected).) "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996). Allegations that a prosecutor presented false testimony or withheld evidence do not defeat prosecutorial immunity. *See Myers v.*

*Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (overruled on other grounds). *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986) (holding that a prosecutor's alleged "use of perjured testimony and the non-disclosure of exculpatory information are certainly entitled to absolute immunity."). Thus, the court will dismiss Plaintiff's claims against Goodro as she is entitled to absolute immunity.

### 3. Webb Bancroft, Tim S. Noerrlinger, Mark Rappl, and Christopher "Spike" Eickholt

The crux of Plaintiff's claims with respect to his public defender, Bancroft, and his other court-appointed counsel, Noerrlinger, Rappl, and Eickholt, is that they were ineffective in their representation of him due to conflicts and essentially "acted in concert" with the state to violate Plaintiff's constitutional rights. However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13. Likewise, the conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). While a § 1983 claim may be brought against a public defender, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's bare, conclusory allegations fall far short of stating a plausible conspiracy claim.

### 4. Bailiff Kristen Draper and Court Reporter Jeanne Morrand

Plaintiff also sues Judge McManaman's bailiff, Kristen Draper, and his court reporter, Jeanne Morrand. Plaintiff alleges Draper, with Judge McManaman's

8

permission, appointed counsel with conflicts to represent Plaintiff "in concert with the state" and communicated ex parte with the state and Plaintiff's appointed counsel to have Plaintiff's case continued or to have counsel file motions on Plaintiff's behalf. ([Filing No. 1 at CM/ECF pp. 6–8](#).) With respect to Morrand, Plaintiff alleges Morrand "willfully concealed and redacted crucial parts of the record/Bills of exception for [Judge] McManaman" and refused to provide Plaintiff with complete transcripts, even though she would provide them to the State. ([Id. at CM/ECF p. 8](#).)

Liberally construed, Plaintiff seems to assert Draper's and Morrand's actions interfered with Plaintiff's right to access the courts and to participate in his criminal proceedings. However, the Complaint contains only bare, conclusory allegations, and there are no facts from which the court can infer that Draper's and Morrand's actions injured Plaintiff. Moreover, the Complaint's allegations suggest that Draper and Morrand were acting at the direction of Judge McManaman which would arguably entitle them to quasi-judicial immunity. *See [Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997)](#)* (judge's absolute immunity extends to public officials who act under court order or at judge's direction); *[Robinson v. Freeze, 15 F.3d 107, 108–09 (8th Cir. 1994)](#)* (determination of bailiff's immunity turned on whether bailiff was performing tasks delegated by judge or was exercising discretionary judgment). Thus, the court finds the Complaint fails to state a plausible claim for relief against Draper and Morrand.

The court will not give Plaintiff an opportunity to amend his Complaint to allege plausible claims for relief against any of the defendants who are not immune from suit because, as explained below, Plaintiff's claims are barred by *[Heck v. Humphrey](#)*, 512 U.S. 477 (1994).

**C.** *Heck v. Humphrey*

Plaintiff's request for damages and for the court "to release [him] from illegal, calculated confinement," ([filing no. 1 at CM/ECF p. 10](#)), is clearly barred

by *Heck v. Humphrey*. In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations and Plaintiff's state court records demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that he was deprived of his constitutional rights in the course of state criminal proceedings in CR17-1508 necessarily implicate the validity of his conviction and sentence. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*.

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 28th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge